UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 4:22-CR-00639-MTS |
| ) | |
| RAY BRADLEY, ) | |
| ) | |
| Defendant. ) | |

### SENTENCING MEMORANDUM

COMES NOW Defendant Ray J. Bradley ("Bradley," or "Defendant"), through undersigned counsel, and hereby files the following memorandum for sentencing:

**I.    Background**

On June 5, 2024, Defendant Bradley pled guilty to two counts of a two-count Superseding Information. Count 1 charged Conspiracy to Commit Murder for Hire Resulting in Personal Injury, in violation of 18 U.S.C. § 1958(a) and 18 U.S.C. § 2. Count 2 charged Conspiracy to Distribute Cocaine, in violation of 21 U.S.C. § 846, 21 U.S.C § 841(a)(1), and 21 U.S.C. § 841(b)(1)(A). *See* Presentence Report ("PSR") at ¶ 1.

Pursuant to the written plea agreement and Rule 11(c)(1)(C), in exchange for the defendant's voluntary plea of guilty to Counts 1 and 2 of the Superseding Information, it was agreed that no further federal prosecution will be brought in the Eastern District of Missouri relative to the solicitation of the murder of Titus Armstead on April 21, 2022 or the conspiracy to distribute marijuana and cocaine. *Id.* at ¶ 2. The parties agreed that the Defendant's sentence should be 20 years (240 months) in the Bureau of Prisons on Count 1 and 25 years (300 months) on Count 2, to run concurrently with each other and concurrently with the defendant's Supervised Release revocation in Docket No.: 4:12-CR-00039-1-MTS, for a total of 25 years

(300 months). *Id.* at ¶ 3. The parties also agree that the defendant should receive three years of Supervised Release upon his release from custody. *Id.* The parties recommended that the Base Offense Level as to Count 1 is 43 pursuant to USSG § 2E1.4 cross referenced to USSG § 2A1.1. *Id.* The parties recommended that the Base Offense Level as to Count 2 is 34 pursuant to USSG § 2D1.1(3) and agreed that the amount of cocaine for which the defendant is accountable is more than 50 kilograms but less than 150 kilograms. *Id.*

The parties agreed that no Specific Offense Characteristics apply as to Count 1. *Id.* at ¶ 4. For Count 2, the parties agreed that the two levels should be added pursuant to USSG § 2D1.1(b)(2) as the defendant directed the use of violence; two levels should be added pursuant to USSG § 2D1.1(b)(12) as the defendant maintained multiple premises for the purpose of distributing controlled substances; and two levels should be added pursuant to USSG § 2D1.1(b)(16)(E) as the defendant committed the offenses as part of a pattern of criminal conduct engaged in as a livelihood. *Id*.

The Government agreed to recommend a three-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1 (a) and (b). *Id.* at ¶ 5. The calculations of the parties estimated a Total Offense Level of 40 for Count 1 and 37 for Count 2. *Id.* at ¶ 8. The total combined and adjusted offense level for both offenses was calculated in the PSR to be 41. *Id.* at ¶ 56.

Defendant also agreed pursuant to the terms of the plea agreement to forfeit all rights, title, and interest in all assets, which are subject to forfeiture, as outlined in the written plea agreement. *Id.* at ¶ 6.

For the reasons detailed in this memorandum, Defendant Ray Bradley respectfully suggests that the Court accept the parties' plea agreement and impose a sentence of three hundred months total imprisonment.

## II.     Sentencing Rules

Title 18 U.S.C. § 3553(a) requires this Court to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing. There are four purposes of sentencing[1] and six factors to consider in connection with them.[2] The guidelines are only one factor to consider and deserve no greater weight than any other factor. *See Kimbrough v. United States*, 552 U.S. 85, 90 (2007). Thus, this Court may not presume a sentence within the guideline range as reasonable. *See Rita v. United States*, 551 U.S. 338, 351 (2007). Nor may it presume a sentence outside the guideline range unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Furthermore, this Court may not require "extraordinary circumstances" to justify a sentence below the guidelines nor "use a rigid mathematical formula to determin[e] the strength of the justification required for a specific sentence." *Id.* at 47. These rules apply regardless of

---

[1] The purposes of sentencing are:
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
18 U.S.C. §3553(a)(2)(A)-(D).

[2] The factors to consider in connection with the purposes of sentencing are:
    (A) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (B) the kinds of sentences available;
    (C) the guidelines promulgated by the Sentencing Commission;
    (D) any pertinent policy statement issued by the Sentencing Commission;
    (E) the need to avoid unwarranted sentencing disparities among similarly situated defendants; and
    (F) the need to provide restitution to any victims of the offense.
18 U.S.C. §3553(a)(1)-(7).

whether the guideline derives from the Unites States Sentencing Commission ('the Commission") or a policy determination of Congress. *See Kimbrough*, 552 U.S. at 109-10.

### III.     The Nature and Circumstances of Bradley's Offense

Beginning at a time unknown, but including April 21, 2022, Defendant Bradley conspired to distribute more than five kilograms of cocaine and various amounts of marijuana across the United States including in Saint Louis, Missouri. *Id.* at ¶ 12.  The defendant maintained various locations to store narcotics and the proceeds of his drug distribution business. *Id.* Defendant Bradley pled guilty to one count of Conspiracy to Commit Murder for Hire Resulting in Personal Injury, in violation of 18 U.S.C. § 1958(a) and 18 U.S.C. § 2, and one count of Conspiracy to Distribute Cocaine, in violation of 21 U.S.C. § 846, 21 U.S.C § 841(a)(1), and 21 U.S.C. § 841(b)(1)(A). *See* Presentence Report ("PSR") at ¶ 1. On September 14, 2022, Ray Bradley was taken into federal custody by the United States Marshals Service in Los Angeles, California. *Id.* at ¶ 30. On January 18, 2023, he was transferred to Saint Louis, Missouri. *Id.*

### IV.     Bradley's History and Characteristics

Defendant Ray Julius Bradley was born in September 1978 in Los Angeles, California. *Id.* at ¶ 96. He was born to Ray Bradley and Patrice Bishop. *Id.* His parents were never married but both reside in Seattle, Washington, in difference residences. *Id.* He has three siblings who all reside in Seattle. *Id.* He shares a close relationship with his parents and his siblings, speaking with all of them twice a week. *Id.*

The defendant's parents separated when he was two years old. *Id.* Following the separation, his mother worked long hours and struggled financially. *Id.* She depended on

4

extended family for support, including sometimes a place to live. *Id.* They would stay with family for at least a year at a time and at one point were homeless and lived in a shelter for a year. *Id.* Due to the financial struggles, they moved around a lot. *Id.* At times he would go back to Los Angeles to stay with his father, but his father did not have a stable living environment as a result of drug and alcohol abuse. *Id.* In 1990, he spent a year living with an uncle in Denver, Colorado. *Id.* By the time he was fourteen, he was living on his own. *Id.*

From 1999 to 2002, the defendant was in a relationship with Mekeba Priester, age 46, who resides in Seattle, Washington. *Id.* at ¶ 97. They have two children, age 25 and age 23. *Id.* His children live on their own in Seattle, Washington. During their childhood, Priester was convicted of child abuse and there was an order of protection entered against her in favor of the children. The children resided with Defendant Bradley while growing up due to her conviction. *Id*. The defendant had one other child, age 20, and has been divorced since 2019. *Id.* at ¶¶ 98-99.

The defendant is 45 years old. PSR at Identifying Data. He is 6 feet 2 inches tall and weighs 365 pounds. *Id.* at ¶ 101. He has been diagnosed with accelerated hypertension and left ventricular hypertrophy (an enlargement of the muscle tissue that makes up the wall of the heart's main pumping chamber). *Id.* at ¶ 104. He suffers from sleep apnea and is required to use a Continuous Positive Airway Pressure (CPAP) machine. *Id*. In 2017, the defendant underwent vascular surgery for issues with the veins in his right leg while in the Bureau of Prisons. *Id.* at ¶ 105. He has stated that he is having those same issues that led to the vascular surgery in his left leg. *Id.* While he was in custody at the Ste. Genevieve, Missouri County Jail, he began having issues with his kidneys and began seeing a kidney specialist. *Id.* at ¶ 106. The defendant also has been prescribed fifteen different medications. *Id.*

Defendant Bradley completed the ninth grade while attending Decatur High School in Federal Way, Washington, at the age of 14. *Id.* at ¶ 112. He stopped attending school when he started living on his own. He earned his General Educational Development (GED) certificate in 1996. *Id.* at ¶ 113.

V.   **Conclusion**

For the foregoing reasons, Defendant Bradley respectfully suggests that the Court accept his plea, pursuant to Rule 11(c)(1)(C) and impose a sentence of three hundred months total imprisonment.

Respectfully Submitted,

ROGERS SEVASTIANOS & BANTE, LLP

By:  /s/ *John P. Rogers*
JOHN P. ROGERS, 38743MO
120 S. Central Avenue, Suite 160
Clayton, Missouri 63105
(314) 354-8484
Facsimile (314) 354-8271
jrogers@rsblawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2024 the foregoing was electronically filed with the Clerk of the Court to be served by CM/ECF upon Angie E. Danis and Nathan Chapman, Assistant United States Attorneys.

/s/ *John P. Rogers*